# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLIFTON L. BOWMAN III,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1098** (BOR Appeal No. 2046090)
                    (Claim No. 2005203262)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clifton L. Bowman III, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 13, 2010, decision denying Mr. Bowman's request for arthroscopic surgery and Mumford Procedure of the right shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bowman worked as a crane operator/brakeman for Huntington Alloys Corporation. On April 20, 2005, Mr. Bowman strained both of his shoulders when pulling on a piece of wood that was lying under metal. Mr. Bowman allegedly reinjured both of his shoulders on September 12, 2009, when he was pulling on some large pieces of metal. The claims administrator denied Mr. Bowman's request for arthroscopic surgery and Mumford Procedure of the right shoulder.

1

The Office of Judges affirmed the claims administrator's decision and held that Mr. Bowman has not demonstrated that the requested surgery was due to the subject compensable injury. On appeal, Mr. Bowman disagrees and asserts that Wayne C. Amendt, M.D., is in the best position to know what treatment is necessary as his treating physician and that he obviously believes that Mr. Bowman's shoulder condition has deteriorated sufficiently to require this surgery. Mr. Bowman further asserts that he has shown reliable evidence that the requested arthroscopic surgery and Mumford Procedure for the right shoulder are reasonably required to treat his compensable injury. Huntington Alloys Corporation maintains that Mr. Bowman's compensable injury occurred several years ago and was a minor injury only resulting in a strain/sprain. Huntington Alloys Corporation further maintains that Dr. Amendt made clear that the surgery in question is intended to treat AC joint arthritis, which is a preexisting condition not related to the compensable injury.

Mr. Bowman injured both shoulders on April 20, 2005, and diagnostic studies did not reveal any tear or rupture in the right shoulder. The Office of Judges noted that Mr. Bowman previously requested a right shoulder arthroscopy in this claim that was denied by both the Board of Review and the West Virginia Supreme Court of Appeals. Mr. Bowman injured his shoulders again in 2009 when he heard a pop while pulling on extremely heavy materials at work. The incident of 2009 was never held compensable. The Office of Judges found that Mr. Bowman had some preexisting degenerative changes in his shoulders. On December 15, 2010, Dr. Amendt requested authorization for shoulder arthroscopy and debridement, including the AC joint, because of Mr. Bowman's tendonitis/impingement of right shoulder and aggravation of acromioclavicular joint arthritis. Due to the preexisting degenerative changes and non-compensable incident of 2009, the Office of Judges concluded that the medical record was not sufficient to demonstrate that the requested surgery for the right shoulder over five years after the original injury is related to the compensable injury. The Office of Judges determined that if the surgery is work-related then it is more likely due to the incident in 2009 or to non-compensable components. The Office of Judges held that Mr. Bowman has not demonstrated that the requested surgery was due to the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 2, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum